IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GE ELECTRIC COMPANY, | ) | CASE NO. 1:11cv00837 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| S&S SALES COMPANY, *et al.* | ) | |
| | ) | OPINION AND ORDER |
| Defendants. | ) | |
| | ) | |

Plaintiff General Electric Company ("GE") in its Complaint alleges that Defendant S&S Sales Company and its owner, Defendant Alvin Stern (collectively, "S&S"), failed to pay for lighting products that GE sold and shipped to S&S. After GE initiated this action to collect the amount allegedly due, S&S asserted Counterclaims against GE for violation of the Robinson-Patman Act ("RPA") and breach of contract.

GE filed a Motion to Dismiss Defendants' Counterclaims under Federal Rule of Civil Procedure 12(b)(6). (Docket #16.) S&S replied. (Docket #18.) Thus, the Motion to Dismiss is ripe for consideration.

In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the material required to be in the complaint (or, as here, in the counterclaim), whether the complainant can prove a set of facts entitling him to recovery on the allegations against the moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In making this

assessment, the Court must take only well-pleaded factual allegations as true and reject allegations that are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

Here, S&S's attempt to plead a RPA claim falls short of the pleading standards imposed by the Supreme Court in *Iqbal* and *Twombly*. In relevant part, the RPA provides, "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in *price* . . . ." 15 U.S.C. 13(a) (emphasis added). The RPA is directed toward price discrimination, and nothing more. *Black Gold, Ltd. v. Rockwool Indus., Inc.*, 729 F.2d 676, 682 (10th Cir. 1984). As GE notes, the RPA can only reach the terms and conditions of sale other than price to the extent that the terms' "only practical effect [is] to establish discrimination in price, precisely the evil at which the statute was aimed." *Id.* Thus, "the Act does not prohibit all forms of discrimination among customers but only those that relate to price or that serve as disguised price discrimination." *Carlo C. Gelardi Corp. v. Miller Brewing Co.*, 502 F. Supp. 637, 647 (D. N.J. 1980).

The Counterclaims asserted by S&S do not complain about GE's pricing in this case. Rather, the Counterclaims take issue with GE's requirement that S&S purchase a mix of lighting products rather than a single type of product. Although S&S conclusorily alleges that GE "engaged in a [discriminatory] pricing system," it nevertheless goes on to explain that this so-called "pricing system" actually involved GE "forcing S and S Sales Company to accept a product mix of automotive lighting products." The Counterclaims lack any factual allegations directed to pricing issues, as opposed to product mix issues. Further, the Counterclaims are devoid of any factual allegation to support that GE's product mix requirements have an indirect

influence on price such that GE has engaged in "disguised price discrimination." *See Miller Brewing Co.*, 503 F. Supp. at 647. In short, the Counterclaims lack any of the factual allegations of the kind required by *Iqbal* and *Twombly*.

Under *Iqbal* and *Twombly*, an RPA plaintiff "must allege specific facts of price discrimination even if those facts are only within the head or hands of the defendants," such that the right to relief is not merely conjecture. *New Albany Tractor, Inc. v. Lousville Tractor*, No. 10-5100, 2011 U.S. App. LEXIS 12457, at *10 (6th Cir. June 21, 2011) (affirming grant of motion to dismiss RPA claim). Because S&S has not alleged any specific facts establishing price discrimination, the RPA Counterclaim is dismissed under Rule 12(b)(6).

Dismissal is also warranted because S&S fails to allege any price discrimination with respect to products of like grade and quality, as is required under the RPA. 15 U.S.C. § 13(a). Instead, S&S complains that it is being required to purchase products of a different grade and quality. The facts alleged simply do not state a cause of action under the RPA.

S&S's breach of contract Counterclaim also falls short of the requisite pleading standard set forth in *Iqbal* and *Twombly*. Among other things, S&S fails to identify any provision of the contract that GE allegedly breached. Pursuant to *Iqbal* and *Twombly*, it is insufficient for a claimant to allege generally that a contract was breached without identifying the factual basis for that allegation. *See, e.g., Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 U.S. Dist. LEXIS 29388, at *15-16 (E.D. Mich. Mar. 22, 2011). Courts routinely grant motions to dismiss where complaints fail to identify a contractual provision that allegedly was breached. *See, e.g., Wier v. Countrywide Bank, N.A.*, No. 10-CV-11468, 2011 U.S. Dist. LEXIS, 35066, at *19 (E.D. Mich. mar. 31, 2011).

For the foregoing reasons, and for all of the reasons stated in GE's Motion to Dismiss, S&S's Counterclaims are insufficiently pled under the standard articulated by the Supreme Court in *Iqbal* and *Twombly*. Accordingly, the Counterclaims are dismissed under Rule 12(b)(6).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *September 18, 2011*