IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GENERAL ELECTRIC COMPANY,** ) | **CASE NO.  1:11CV00837** |
| ) | |
| Plaintiff, ) | |
| ) | **JUDGE DONALD C. NUGENT** |
| v. ) | |
| ) | **MEMORANDUM OPINION,** |
| **S&S SALES COMPANY,** *et al.* ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff General Electric Company's ("GE") Motion for Summary Judgment on its claims against Defendants S&S Sales Company ("S&S") and Alvin Stern (ECF #56).  For the reasons stated, GE's Motion is GRANTED.

### A.  FACTUAL BACKGROUND

Defendant Alvin Stern is an individual doing business as S&S Sales Company, a sole proprietorship.  GE and S&S entered into a Distribution Agreement for GE Lighting Products dated June 1, 2001 (the "Agreement").  GE supplied certain lighting products manufactured by GE to Defendants' customers.  Under the Agreement, GE would supply lighting products to Defendants' customers and invoice Defendants for the products.  Defendants were obligated to pay the invoices.  Defendants admit that they have not paid the invoices.  The total amount of the unpaid invoices is $335,365.15.

On April 27, 2011, GE filed a Complaint alleging breach of contract, unjust enrichment,

and payment on account arising out of Defendants' failure to pay $335,365.15 for the lighting products. On July 1, 2011, Defendants responded with counterclaims for breach of contract and violation of the Robinson-Patman Act. GE moved to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court granted GE's Motion on September 19, 2011. Defendants then amended their counterclaims, asserting claims for breach of contract, violation of the Robinson-Patman Act, promissory estoppel, unjust enrichment, tortious interference with contract, and tortious interference with business relationships. GE moved to dismiss these amended counterclaims. The Court granted GE's motion. All of the Counterclaims have now been dismissed.

GE moved for summary judgment on October 29, 2012. Defendants opposed, and GE replied. Thus, GE's Motion for Summary Judgment is ripe for consideration.

## B. LEGAL STANDARD

GE has moved under Rule 56 of the Federal Rules of Civil Procedure for summary judgment on its claims against Defendants. Summary judgment under Rule 56 is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed .R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett,*

477 U.S. 317, 322–23 (1986).

With regard to the non-moving party's obligation to set out specific facts showing a genuine issue for trial, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) (citation omitted). Rather, "Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Id.*

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87. The Court's inquiry, therefore, asks whether reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. **DISCUSSION**

#### A. **Defendants' Payment Of Outstanding Invoices Is Not Excused**

Defendants admit nonpayment of GE's invoices in the amount of $335,336.15. Defendants contend, however, that their nonpayment is excused because GE itself breached a supposed contractual obligation "to provide drop shipment direct to Stern's customers." This contention lacks merit, and fails to create a genuine issue of material fact for two reasons.

To begin, in ruling on GE's motions to dismiss Defendants' counterclaims, the Court has twice ruled that this argument fails as a matter of law. The outcome is no different this time around.

Defendants' excuse argument fails because Defendants neglect to point to any contractual provision requiring drop shipments. The Agreement does not contain such a term.[1] Although the contract includes a price for drop shipments should they occur, this is not the same as imposing a contractual obligation on GE to provide such drop shipments. Indeed, the Agreement, when read as a whole as contract law requires, makes clear that drop shipments are not contractually required. Under a section labeled Distributor Responsibilities, Defendants, as Distributor, would be obligated to "[m]aintain a representative and adequate stock of Products . . ."

In lieu of identifying any contract provisions requiring GE to make drop shipments to Defendants' customers, Defendants repeatedly invoke a "course of dealing" to argue that the Agreement was modified to require drop shipments. This modification theory is precluded by the parties' Distributor Agreement – which, as the Court previously noted, is incorporated by reference into the Complaint – and the Ohio Uniform Commercial Code. The Distributor Agreement provides in relevant part that, "No waiver or modification of this Agreement, or of any of its terms, other than a modification as provided in Article 11 herein, may be made, unless such waiver or modification is in writing and signed by such Officer or Manger. Such Manager has no authority to alter prices, terms, or conditions without approval of General Electric Company, GE Lighting." Such provisions in sales contracts are enforceable under the Ohio Uniform Commercial Code, which provides, "A signed agreement which excludes modification

---

[1] Defendants likewise fail to point to any contractual provision prohibiting a product mix requirement. To the extent Defendants argue that GE breached the contract by requiring Defendants to purchase a particular product mix, their argument fails.

4

or recision except by a signed writing cannot be otherwise modified or rescinded . . ." Ohio Rev. Code § 1302.12(B). An alleged "course of dealing" is not a signed writing, and thus could not alter GE's contractual obligations as a matter of law.

Second, even if GE breached some obligation to drop ship products to Defendants' customers, that would not excuse Defendants from paying for prior shipments that their customers indisputably received. The Restatement (Second) of Contracts § 240 is informative on this point. It provides:

> If the performances to be exchanged under an exchange of promises can be apportioned into corresponding pairs of part performances so that the parts of each pair are properly regarded as agreed equivalents, a party's performance of his part of such a pair has the same effect on the other's duties to render performance of the agreed equivalent as it would have if only that pair of performances had been promised.

Illustration 1 of Section 240 shows its application:

> A contracts to sell and B to buy a quantity of dressed hogs and a quantity of live hogs at stated prices for each quantity. A is to deliver the dressed hogs first and the live hogs 15 days later, and B is to pay for each delivery within 30 days after it is made. A delivers the dressed hogs, but unjustifiably refuses to deliver the live ones. If a court finds that delivery of the dressed hogs and payment of the price stated for them are agreed equivalents, A can recover the stated price for the dressed hogs under the contract. B then has a claim against A for damages for his failure to deliver the live hogs.

Here, GE delivered a series of lighting shipments, creating an obligation on the part of Defendants to pay for those products. The performances of the parties are readily apportionable because every product has an assigned price detailed in the invoices attached to the affidavit of Don R. Henry. Even assuming for the sake of argument that GE breached some contractual

obligation for purposes of subsequent shipments, Defendants are still obligated to pay for the lighting shipments already made.

### B. Defendants Are Not Entitled To A Setoff

Further, Defendants are not entitled to offset GE's claim for payment with consequential damages allegedly suffered by Defendants. Defendants claim they have suffered consequential damages consisting of harm to "Stern's business and reputation" and "$1,350,617.00 in lost sales."

State substantive law applies to setoff claims. *BP Exploration & Oil Co. v. Maintenance Servs., Inc.*, 313 F.3d 936 (6th Cir.2002) (applying state law of Ohio to determine whether district court erred in refusing to deduct from the award of damages an amount received in a prior settlement). Entitlement to a setoff is an affirmative defense that must be pled and proven by the party asserting it. *First Nat. Bank of Louisville v. Hurricane Elkhorn Coal Corp. II,* 763 F.2d 188, 190 (6th Cir.1985). Generally, an affirmative defense is waived if it is not pled. Defendants did not plead the affirmative defense of setoff in their Amended Answer. Thus, the defense is waived.

Even if Defendants had pled a setoff defense, the Agreement precludes any form of special or consequential damages. The Agreement states, "In no event, whether as a result of breach of contract or warranty or alleged negligence or otherwise shall either party be liable to the other for special or consequential damages including, but not limited to, loss of profits or revenue, loss of use of the Products furnished . . . or claims of suppliers or customers of either for such damage or any special or consequential damages." This contract term would be meaningless if Defendants could effectively recover alleged consequential damages as a

6

discount on GE's claim for payment. The Agreement precludes the recovery of those damages, whether as an affirmative claim or as an affirmative defense.

### C. GE's Alleged "Spite" Does Not Create A Material Issue Of Fact

Defendants' contention that GE's spite for Defendants motivated its "bad faith" acts is irrelevant, and fails to create a material issue of fact that would defeat summary judgment. GE's motivations are irrelevant where the parties' relationship was defined by the Agreement. GE was to supply products under the Agreement, and Defendants were to pay for those products. Defendants admit that they did not pay. GE stopped drop shipments to Defendants' customers, which GE was entitled to do under the Agreement. Whether GE took contractually permissible action out of spite or for some other reason has no bearing on the claims or defenses asserted here.

### D. GE Appropriately Credited All Payments

Finally, Defendants claim that GE has not appropriately credited a payment of $101,756.60 dated July 15, 2010. That claim is inaccurate. The supplemental Affidavit of Don R. Henry shows that GE credited that payment and is not seeking to recover for invoices associated with that payment.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants have not set forth any genuinely disputed issues of material fact that preclude summary judgment. Summary judgment is awarded in favor of GE on its breach of contract action.[2]


 IS SO ORDERED.

                                            s/Donald C. Nugent
                                            **DONALD C. NUGENT**
                                            **UNITED STATES DISTRICT JUDGE**


**DATED:** 1/15/2013

---

[2] The Court need not reach GE's claims for unjust enrichment and payment on account.